IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CRAIG COWIT,** | : | |
| | : | Case No.:  1:12-cv-00869 |
| **Plaintiff,** | : | |
| | : | Judge Timothy S. Black |
| **vs.** | : | |
| | : | |
| **CITIMORTGAGE, INC.,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| **Defendant.** | : | |
| | : | |

**WHEREAS**, Plaintiff Craig Cowit, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendant CitiMortgage, Inc. ("Defendant") (in the singular, "Party"; collectively, the "Parties") seek this Court's approval and entry of this Stipulated Protective Order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

**WHEREAS**, the prosecution and defense of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the Parties or third parties to be non-public personal financial or other confidential information, or involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

**WHEREAS**, this action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

**WHEREAS**, such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information

1

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

**WHEREAS**, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is useful and justified in this matter.

**WHEREAS**, it is the intent of the Parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the Parties to this action, and through their respective counsel, as follows:

### TERMS OF PROTECTIVE ORDER

This Protective Order is intended to protect from disclosure documents and information the Parties deem to be confidential in accordance with applicable law and rules.  Documents and information so designated may only be disclosed or used as further provided herein.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated by and among the Parties to this action, through their respective counsel and subject to the approval of this Court, as follows:

1.      In connection with pretrial discovery proceedings in this action, a Party providing or producing information in any form ("Producing Party") to another Party ("Receiving Party"), including documents and/or all materials within the scope of Fed.R.Civ.P. 34, electronically stored information ("ESI"), tangible things, written discovery responses, answers to requests to admit, and testimony, may designate such items as "CONFIDENTIAL", by designating in writing such information as "CONFIDENTIAL"  based on a good faith belief that such items are

confidential under this Order and are not otherwise in the public domain. Except as otherwise provided in this Order, no information shall be deemed "CONFIDENTIAL" unless it is so designated in writing.

2.      The designation "CONFIDENTIAL" shall be limited to information that the Producing Party reasonably and in good faith believes contains:

      (a)    Trade secret or other confidential research, development, or commercial information including, but not limited to, confidential policies regarding foreclosure procedures and/or the use of proprietary computer systems, all subject to confidential treatment under Fed.R.Civ.P. 26; and/or

      (b)    Personal information of a private or sensitive matter including, but not limited to, loan applications, nonpublic financial information regarding Plaintiff or other borrowers. These documents include, but are not limited to, documents or data containing personally identifiable financial information such as social security numbers, account numbers or loan numbers, and private information that, if disclosed likely would cause substantial harm to a person, such as bank account statements and income tax returns, all subject to confidential treatment under Fed.R.Civ.P. 26.

3.      All "CONFIDENTIAL" documents and/or all materials within the scope of Fed.R.Civ.P. 34, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, along with items or portions thereof that are so designated and the information contained in the documents and other materials:

      (a)    shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order;

      (b)    shall be used solely for the purpose of the preparation and trial of this action;

3

      (c)     shall not be used, directly or indirectly, by any Party for any business, commercial, or competitive purpose, and

      (d)     no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraph 10. Any other use is prohibited.

4.     All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

5.     Each specific portion of a multi-page document that is alleged to contain confidential information shall be designated "CONFIDENTIAL". The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate in writing, such information as confidential prior to trial. Any confidential information not reduced to documentary, ESI, tangible or physical form, or which otherwise cannot conveniently be designated in the manner set forth in Paragraph 1 above, shall be designated as "CONFIDENTIAL" by the Producing Party by informing the Receiving Party in writing that the information is confidential and of the class of designation.

6.     The Court has the ultimate authority to determine whether information or material should be designated as "CONFIDENTIAL" notwithstanding a Party's decision to so designate the information or material.

7.     Neither the designation by a Party of any document, information, or deposition testimony as "CONFIDENTIAL" hereunder, nor its receipt by the other Party, shall constitute a concession that the document, information, or deposition testimony is CONFIDENTIAL.

8.     In the event that any Party objects to the designation of any document or information as "CONFIDENTIAL" the objecting Party shall provide written notice of the

objection to the Producing Party, specifying the materials that are the subject of the objection. The Producing Party will have seven (7) business days to respond in writing. The Parties shall confer in good faith in an effort to resolve the objection within ten (10) days of the Producing Party's written response. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from this Court, including an order that the documents or information should not be treated as "CONFIDENTIAL" or that specified provisions of this Protective Order shall not apply to the documents or information. The Producing Party shall have the burden of proof on any such motion to establish the propriety of its confidentiality designation. Any documents in dispute shall be treated as originally designated pending resolution by the Court.

9.     Nothing in this Protective Order shall prevent any Party from objecting to discovery that it believes is improper.

10.     Documents (and all other types of information set forth in Paragraph 1 above) designated as "CONFIDENTIAL" in writing by the Producing Party and all information contained therein shall be kept confidential by the Receiving Party, shall be used solely for the prosecution or defense of this action, and shall be disclosed or made available only to the Court and its staff, including court reporters, and the following persons except as discussed in Paragraphs 11 and 14:

     (a)   Counsel of Record for Plaintiff;

     (b)   Counsel of Record for Defendant and the in-house counsel for Defendant responsible for supervising this action;

     (c)   Partners, associates, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel described in Subparagraphs (a) & (b) who are actively engaged in assisting such counsel in this action;

     (d)   Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and together with their respective assistants and clerical staff, who are actively engaged in assisting the

counsel described in Subparagraphs (a) and (b) in this action provided they meet the requirements of Paragraph 14 of this Protective Order;

(e)    The parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(f)    A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this action;

(g)    A witness who has or has had access to the information or who was an author or recipient of the information;

(h)    Copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(i)    Mock trial participants provided that they sign a document in the form of Exhibit A hereto, and are not permitted to retain any "CONFIDENTIAL" materials;

(j)    A settlement judge or mediator to whom the parties mutually agree; and

(k)    Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

(l)    Any individual or entity charged with enforcing obligations imposed by the various States' attorney ethics rules ("Attorney Ethics Representative"); provided that the party disclosing the Confidential information may disclose to the Attorney Ethics Representative only the following: (i) the name of the attorney and/or law firm accused of the violation of an attorney ethics rule, and (ii) any pleadings or other material that are not designated Confidential pursuant to this Order and do not contain or reflect any Confidential information. Nothing contained in this Protective Order shall be construed to limit the use by

6

an Attorney Ethics Representative of any information or other material provided pursuant to subsections 10(1)(i) or 10(l)(ii).

11.     To the extent not redacted, "nonpublic personal information" and "personally identifiable financial information," as defined under 12 C.F. R. § 40.3, 16 C.F.R. § 313.3 and/or the regulations related thereto ("Consumer Financial Privacy Laws") that can be traced to an individual, may be produced on the condition that any such data, documents, and/or information so produced may be disclosed, if at all, only to the following categories of persons: (i) individuals identified in Paragraphs 10(a) and (b); (ii) the Court and its staff; (iii) provided that requirements of Paragraph 14 are met, the persons identified in Paragraph 10(d); (iii) persons who are the subject of the data, documents and/or information disclosed; (iv) individuals designated by the Producing Party as its Fed.R.Civ.P. 30(b)(6) witness(es); and (v) those individuals approved by this Court upon motion of any party.

12.     All individuals to whom "CONFIDENTIAL" information is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that material designated pursuant to this Protective Order may not be used other than in connection with this action and may not be disclosed to anyone other than those persons contemplated by this Protective Order. Legal counsel for the discovering Parties shall take reasonable steps to insure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees.

13.     Material designated in writing as "CONFIDENTIAL" under this Protective Order shall not be revealed to any person not designated in Paragraph 10, unless the Party producing the designated material assents in writing to the disclosure or unless the Court otherwise directs. If any court, arbitration tribunal, or an administrative or government agency requests, demands, subpoenas, or orders production of material designated as "CONFIDENTIAL" that a Party has obtained under the terms of this Protective Order, before turning over the material, to the extent practicable without disobeying a lawful order or demand, such Party shall promptly (not more than twenty-four (24) hours after receipt of such request, demand, subpoena, or order) notify the

Party that so designated in writing the material at issue as "CONFIDENTIAL" of the pendency of such request, demand, subpoena, or order, afford a reasonable opportunity for the Party that so designated such material to oppose the request, demand, subpoena, or order and will not produce the material before the date compelled by law. Nothing in this paragraph is intended to require a party to disobey a lawful demand, subpoena or order.

14.     Disclosure of documents designated in writing as "CONFIDENTIAL" to the persons described in Paragraph 10(d) shall be solely for evaluation, testing, testimony, preparation for trial, or other services related to this action. Any such person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit A hereto, stating that he or she has read and understands this Protective Order and agrees to be bound by its terms, before any "CONFIDENTIAL" documents are shown to that person. The original Exhibit A shall be maintained by counsel of record for the Party on whose behalf the outside consultant, technical advisor, or expert witness has been employed or retained.

15.     Opposing counsel shall be notified at least fourteen (14) days before disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit an objection to be made. If a Party objects in writing to such disclosure within fourteen (14) days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court after filing a motion pursuant to the procedures described in Paragraph 8 above. This paragraph does not apply to testifying or consulting experts of the Parties provided they meet the requirements of Paragraph 14 of this Protective Order, including, but not limited to, the requirement to read and execute Exhibit A.

16.     Third parties producing documents in the course of this action may also designate in writing information as "CONFIDENTIAL," subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be

8

treated as "CONFIDENTIAL" for a period of thirty (30) days from the date of their production to the extent they contain material subject to the Consumer Financial Privacy Laws and/or are from a third party who owes a Party a duty of confidentiality whether through an agreement with that Party or otherwise, and during that period any Party may designate in writing such documents as "CONFIDENTIAL" pursuant to the terms of the Protective Order.

17.     Unless otherwise agreed, deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this action shall be treated as "CONFIDENTIAL" for a period of fifteen (15) business days, or such different number of days as the Parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any Party or its counsel, to notify all Parties of any "CONFIDENTIAL" matter. A Party to this action also may designate in writing, after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as "CONFIDENTIAL." A Party to this action may also designate matter disclosed during a deposition as "CONFIDENTIAL" by so stating on the record during the deposition; the other Party may, but need not, object to such designation on the record. After any designation made according to the procedure set forth in this Paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in Paragraph 8 above. The deposition of any witness (or any portion of such deposition) that encompasses information designated "CONFIDENTIAL" shall be taken only in the presence of persons who are qualified to have access to such information.

18.     If materials designated in writing as "CONFIDENTIAL" or quotations from and/or references to such materials, are to be included in papers filed with the Court before trial, such papers shall be filed under seal pursuant to applicable rules until further order of the Court. Even if the filing party believes that the materials subject to the Protective Order are not properly classified as "CONFIDENTIAL" the filing party shall file such papers under seal pursuant to applicable rules; provided that the filing of any such materials under seal will not prejudice the

filing party's rights to challenge the "CONFIDENTIAL" designation of such materials. To the extent that the Court requires leave to file "CONFIDENTIAL" documents or information under seal, the Parties agree to abide by such process.

19.     This Order shall not apply to the Parties' trial, if one occurs, nor the handling of information during trial. Before disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" any Party may seek further protections against public disclosure from the Court for good cause shown.

20.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of information obtained by such Party independent of discovery in this action, whether or not such information is also obtained through discovery in this action, or from disclosing its own "CONFIDENTIAL" information as it deems appropriate except to the extent that such information includes sensitive personal or private financial information about another party. However, a Party to this action may prospectively declare that items and information designated as "CONFIDENTIAL," which are in the custody of a third person/party and to be produced through discovery in this action, are protected under this Protective Order based on a good faith belief that such material is CONFIDENTIAL within the meaning of this Protective Order. Counsel for the Party receiving such items and information shall treat them as so designated until such time as the designating Party has had a reasonable opportunity to review and stamp the received items and information in accordance with this Protective Order.

21.     The inadvertent production of any protected items or information, or items or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity available under the law, the Federal Rules of Civil Procedure, or the local rules, shall be without prejudice to any claims that the items or information are privileged or protected, as the case may be, and shall not constitute a waiver of any privilege or protection that may otherwise attach thereto. Such production shall not be deemed a general waiver of such privilege or protection. Upon demand of the producing Party, within thirty (30) days of its discovery of such inadvertent production, all copies of any inadvertently produced

items or information shall be returned immediately. Further, the voluntary production of privileged or protected items or information in itself is not a waiver of the privilege or protection, as the case may be, with respect to other privileged or protected items or information relating to the same subject matter.

22. Upon request of the Producing Party, within sixty (60) days after the final disposition of all claims and defenses in this action, by settlement or expiration of time to appeal ("Final Disposition"), all documents designated as "CONFIDENTIAL" and all materials produced by a Party that contain "CONFIDENTIAL" information, including all extracts, reproductions, and summaries of such information, shall be destroyed or returned to counsel for the Producing Party or its counsel. Such destroyed or returned materials shall include any pages of the deposition transcripts containing confidential information, but counsel for the Producing Party agrees to maintain a full set of deposition transcripts and exhibits containing confidential information for a period of seven years following the Final Disposition. Such destroyed or returned materials shall not include attorneys' notes or work product. Counsel of record for the Parties also shall be entitled to retain a set of all documents filed with the Court or presented at trial, related exhibits, a full set of non-confidential deposition transcripts, and all correspondence generated in connection with this action. Counsel for each Party shall certify that the provisions of this Paragraph have been satisfied by sending opposing counsel a letter confirming compliance within the sixty (60) day period. The Parties agree to direct the court reporters to keep copies of the deposition transcripts.

23. The Parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules, or both. The Parties further agree that no action taken pursuant to the Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position as to discoverability or admissibility of evidence.

24. The obligations imposed by the Protective Order shall survive the termination of this action.

11

25.    The parties hereby agree to abide by the terms of this Protective Order during any interim period prior to its entry and shall continue to abide by its terms after its entry absent a contrary order of the Court.


**IT IS SO STIPULATED:**


/s/Sylvie Derrien
Jeffrey P. Harris  (0023006)
Sylvie Derrien  (0072579)
Colleen M. Hegge (0038506)
Statman, Harris & Eyrich, LLC
441 Vine Street
Cincinnati, OH 45202
Phone: (513) 721-2666
Fax:  (513) 621-4896
jharris@statmanharris.com
sderrien@statmanharris.com
chegge@statmanharris.com

*Attorneys for Plaintiff and Plaintiff Class*

/s/David D. Pope
Lucia Nale
Debra Bogo-Ernst
David D. Pope
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606-4637
Direct: (312) 701-8733
Fax:  (312) 706-8142
E-Mail: lnale@mayerbrown.com
         dernst@mayerbrown.com
         dpope@mayerbrown.com

Kara A. Czanik  (0075165)
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-3157
Direct: (513) 629-2746
Fax:    (513) 651-3836
E-Mail: kczanik@graydon.com

*Attorneys for CitiMortgage, Inc.*


SO ORDERED this 3rd day of MAY _____, 2013

**JUDGE TIMOTHY S. BLACK**

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **CRAIG COWIT,** | : | |
| | : | Case No.:  1:12-cv-00869 |
| **Plaintiff,** | : | |
| | : | Judge Timothy S. Black |
| **vs.** | : | |
| | : | |
| **CITIMORTGAGE, INC.,** | : | **PROPOSED STIPULATED** |
| | : | **PROTECTIVE ORDER** |
| **Defendant.** | : | |
| | : | |

### NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order in this action, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court and that at the conclusion of the litigation I will return, or certify the destruction of, all discovery information to the Party or attorney from whom I received it.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


**Executed On:** _____       _____

 (Date)                                              (Signature)


3942344.1