**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CRAIG COWIT, *et al*.,** | |
| **Plaintiffs,** | **Civil Action No. 1:12-cv-869** |
| **v.** | **Judge Timothy S. Black** |
| **CITIMORTGAGE, INC.,** | |
| **Defendant.** | |

## FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE

WHEREAS, Plaintiffs and Class Representatives Craig Cowit, Ina N. Littrell and Ray Dickey (collectively "Plaintiffs"), and Defendant CitiMortgage, Inc. ("CMI"), have reached a proposed settlement of the disputes between them in the above-captioned action, embodied in a Settlement Agreement and Release (the "Settlement Agreement") dated June 19, 2015 and filed with the Court;

WHEREAS, on July 9, 2015, after holding a hearing on preliminary approval, the Court conditionally certified a Settlement Class in the above-captioned action and preliminarily approved the settlement of this Action as set forth in Settlement Agreement[1];

WHEREAS, Notice of the settlement was disseminated on July 22, 2015 via forms approved by the Court, including a Long Form Notice and Publication Notice. The Publication Notice was published on July 22, 2015 in the Akron Beacon Journal, the Cincinnati Enquirer, the Columbus Dispatch, the Cleveland Plain Dealer, the Dayton Daily News, the Toledo Blade, and USA Today. The Publication Notice and the Long Form Notice were also posted via an

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

hyperlink to the Settlement Website and Statman Harris' website;

WHEREAS, one objector, Justin D. Hively, mailed a timely objection to the Court, Class Counsel, CMI's counsel and the Notice Administrator, which objection was docketed at Docket No. 83.

WHEREAS, on October 21, 2015, a final approval hearing ("Final Hearing") was held before this Court at which all Parties were represented; and no objector(s) appeared, although one objector properly presented his written objections; and the Court has reviewed his filed, written objections; and the Court has heard argument from the Parties' counsel;

WHEREAS, Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), for a final judgment certifying the class solely for purposes of settlement and pursuant to Fed. R. Civ. P. 23(e) for a final judgment approving the settlement of this Action as set forth in the Settlement Agreement; and

WHEREAS, the Court having considered all matters and papers submitted to it in connection with the Final Hearing and otherwise being fully informed, concludes that substantial and sufficient grounds exist for entering the Final Approval Order and Judgment.

THIS COURT FINDS and ORDERS as follows:

1.     The Settlement Agreement, including the attachments thereto, is expressly incorporated by reference into this Final Approval Order and Judgment and made a part hereof for all purposes.

2.     The Court has personal jurisdiction over the Parties and all Settlement Class Members and has subject matter jurisdiction over this Action.

3.     Solely for the purpose of settlement, in accordance with the Settlement Agreement, the Court finds and concludes that the prerequisites to a class action, as identified in

2

Fed. R. Civ. P. 23(a) and 23(b)(2), are satisfied, and the Court hereby certifies the following

Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(2):

> All borrowers who, as of the Effective Date, have a residential mortgage loan either owned by or serviced by CMI, and who were charged Court Costs by CMI, or its attorneys or agents in connection with a residential mortgage foreclosure action ("Foreclosure Action") filed by CMI, either for itself or on behalf of investors for whom CMI services mortgage loans, in a court within the State of Ohio, on or after April 14, 2005 (the "Class Period"), and where CMI, or its attorneys or agents were provided Refunded Court Costs in the Foreclosure Action, which CMI, or its attorneys or agents did not properly refund and/or credit in the full amount to such borrower, and/or did not properly refund and/or credit to such borrower the full amount of the Refunded Court Costs timely within sixty (60) days of receipt by CMI, its agents or attorneys of the Refunded Court Costs.  Excluded from the Settlement Class are borrowers who are: (1) employees of CMI; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case; (3) any attorneys representing Plaintiffs; and (4) all governmental entities.

4.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the class that:

> a.   The Settlement Class Members are so numerous that joinder of all such Settlement Class Members is impracticable;
>
> b.   There are questions of law and fact common to the Settlement Class;
>
> c.   Plaintiffs' claims are typical of the claims of the Settlement Class;
>
> d.   Plaintiffs and Class Counsel have fairly and adequately protected and represented the interest of the Class;
>
> e.   The Action seeks non-monetary relief;
>
> f.   CMI has acted or refused to act on grounds that apply generally to the class, so that the final Settlement Class Relief provided by the Settlement Agreement is appropriate respecting the class as a whole; and

g. Because this Action is being settled and not litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 620 (1977).

5. For the purpose of the Settlement, the Court appoints Plaintiffs Craig Cowit, Ina N. Littrell and Ray Dickey as Settlement Class Representatives, and appoints Statman, Harris, & Eyrich LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

6. The Court finds and concludes that the Parties provided adequate notice pursuant to Fed. R. Civ. P. 23(e) and the Court's Preliminary Approval Order.

7. The above Settlement Class is certified solely for the purpose of the settlement embodied in the Settlement Agreement. The Court finds and orders that CMI has not conceded that this Action or any similar case is amenable to class certification for trial purposes, and orders that nothing in this Final Order or in the Settlement Agreement shall prevent CMI or Plaintiffs from opposing or supporting class certification, or seeking de-certification, if this Final Order approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

8. The Court overrules the single objection filed by Justin D. Hively because it lacks merit. The Settlement provides substantial benefits to the members of the Class. The Settlement requires one of the largest financial institutions in the country to improve and standardize the way it handles and accounts for Court Costs and Refunded Costs to ensure that Court Costs charged to borrowers in connection with foreclosure actions in Ohio and subsequently refunded in whole or in part to Defendant, as well as its agents and/or attorneys, are accurately and timely refunded to borrowers. Thus the objection that the Class could have obtained the same benefits

4

had the lawsuit never been filed is wholly inaccurate.  Moreover, the Settlement preserves the right of any member of the class to pursue an action for money damages. In addition, the Court finds that Justin D. Hively is not a Settlement Class Member under Fed. R. Civ. P. 23 (e)(5) because he does not fall within the class definition and therefore does not have standing to object to the Settlement, which is a further basis for overruling the objection.

9.　The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things:

  a. there is no fraud or collusion underlying this Settlement Agreement, and it was reached after good faith, arms' length negotiations, warranting a presumption in favor of approval;

  b. Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered weighs in favor of settlement;

  c. the complexity, expense and likely duration of the litigation weigh in favor of settlement;

  d. the stage of the proceeding and the amount and results of discovery weigh in favor of settlement;

  e. counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement, and their judgment and experience weigh in favor of settlement;

  f. the nature of the negotiations weighs in favor of the settlement;

1749.0001.568.3

g.   the number and nature of the objections raised by Settlement Class Members weigh in favor of settlement; and

h.   the public interest weighs in favor of settlement. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 245 (S.D. Ohio 1991).

10.     Accordingly, the Court finds that the terms of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiffs and Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

11.     The Court therefore approves the Settlement Agreement.  The Court directs the settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

12.     Subject to the terms and conditions of the Settlement Agreement, CMI shall comply with the tracking, handling, and crediting/refunding requirements set forth in Section V of the Settlement Agreement.  The Court finds this remedy is necessary to provide relief to the Settlement Class.  Accordingly, the Court orders the following Settlement Class Relief:

a.   unless otherwise stated below, on or before thirty (30) days after the Effective Date, CMI will implement and shall maintain during the Relief Period the relief in this Paragraph 11(a) and impose the following requirements on foreclosure counsel that CMI retains in the State of Ohio ("Ohio foreclosure counsel") and monitor such Ohio foreclosure counsel's compliance with these requirements through CMI's regular audits of Ohio foreclosure counsel:

i.   Ohio foreclosure counsel shall be required to notify CMI within sixty (60) days from the time they are incurred of all charges for Court Costs and such Court Costs shall not be bundled with any other cost or expense and shall include the appropriate form or identification to allow for tracing of the Court Costs to each borrower's account;

6

ii. within five (5) business days of receipt, Ohio foreclosure counsel shall be required to deposit all Refunded Court Costs issued by a court in the State of Ohio in the name of Ohio foreclosure counsel in such Ohio foreclosure counsel's IOLTA account;

iii. if the Refunded Court Costs were issued by a court in the State of Ohio in the name of Ohio foreclosure counsel, such Ohio foreclosure counsel shall be required to send a check from the foreclosure counsel's IOLTA account to CMI in the amount of the Refunded Court Costs, without any offset or deduction, within thirty (30) days of receipt of the Refunded Court Costs;

iv. if the Refunded Court Costs were issued by a court in the State of Ohio in CMI's name, Ohio foreclosure counsel shall be required to send the Refunded Court Costs check issued by the court to CMI within thirty (30) days of receipt of the Refunded Court Costs (the Refunded Court Costs provided to CMI, whether directly from the court or from foreclosure counsel's IOLTA account, shall be the "Refund Check");

v. Ohio foreclosure counsel shall be required to make the Refund Check in the full amount of the Refunded Court Costs without any offset or deduction and provide with the Refund Check the appropriate forms or identification to allow for the tracking of the Refunded Court Costs;

vi. Upon receipt of a Refund Check that represents a refund of Court Costs charged to the borrower in a Foreclosure Action in the State of Ohio, CMI shall:

1. cause the amount of the Refund Check to be credited or otherwise appropriately applied to the borrower's account within thirty (30) days if the borrower's account is currently serviced by CMI;

2. send the new servicer a check in the amount of the Refund Check within forty-five (45) days if the borrower's account has been service-released;

3. send the borrower a check in the amount of the Refund Check within forty-five (45) days if the borrower's account has already been paid off

b. CMI shall keep the relief set forth herein in place for at least seven-and-a-half years from the Effective Date. If CMI materially changes any of the relief herein between seven-and-a-half and eight-and-a-half years, it shall provide confidential notice to Plaintiffs' counsel of any such changes and the justification for the changes (the "Relief Period"). In the event that Plaintiffs disagree with the change(s), the Parties shall in good faith attempt to resolve their differences; if

7

they are unable to resolve their differences, Plaintiffs shall bring the issue(s) to the Court for final determination. Notwithstanding anything to the contrary herein, CMI will at all times maintain the full ability and sole discretion to modify its policies and practices if they conflict with amendments, changes or clarifications of applicable law as enacted or interpreted by the courts, Congress, other legislative bodies, or regulators, and/or if they conflict with changes, amendments or clarification of applicable Government Sponsored Entity ("GSE") requirements. If the relief herein conflicts with any non-GSE investor requirements, the parties agree to attempt to resolve the issue in good faith.

Provided that CMI shall have taken or cause to be taken all the actions set forth in Section V of the Settlement Agreement, which is fully set forth above in Paragraph 11, CMI shall be deemed to have complied with the Settlement Class Relief set forth in this paragraph.

13. The Court discharges and releases the Released Parties from each of the Released Claims, as provided in the Settlement Agreement.

14. The Action is hereby dismissed (a) with prejudice as to (i) all of Plaintiffs' Claims and (ii) the Settlement Class Relief Claims (other than Damage Claims), and (b) without prejudice as to any Damage Claims by the class members.

15. Notwithstanding anything stated elsewhere in this Final Order or the Settlement Agreements, Settlement Class Members (except Plaintiffs) are not barred by this Final Order or by the Settlement Agreement from bringing Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2), or any similar state law rule) in any future lawsuit against CMI related to Refunded Court Costs or the claims asserted in this Action.  Nor is CMI barred from disputing the merits of such claims or their eligibility for class certification in any future proceeding.

16. The Released Parties are permanently barred and enjoined from instituting, maintaining or prosecuting either directly or indirectly, any lawsuit that asserts the Released Claims.  This permanent bar and injunction is necessary to protect and effectuate the Settlement

8

Agreement, this Final Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17.    This Final Order and the Settlement Agreement, whether or not it shall become final, the Settlement Class Relief provided by CMI, and any and all negotiations, discussions and/or communications associated with the Settlement Agreement, shall not:

a.    Be deemed, used, offered or received against CMI: (i) as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or any alleged wrongdoing, liability, negligence, or fault of CMI; (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings; (iii) as a waiver of CMI's right to challenge class certification if this Settlement Agreement is terminated for any reason; or (iv) as an admission of, or evidence of, any fault or omission of CMI in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal;

b.    Be deemed, or used, offered or received against Plaintiffs or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any Released Class Claims or Released Plaintiffs Claims raised in the Action, the availability or lack of availability of meritorious defenses to the Released Class Claims or the Released Plaintiffs Claims raised by CMI in the Action or an admission, concession or evidence of lack of suitability of this Action for class

certification under Fed. Civ. R. 23(b)(1) or (b)(3) on the part of Plaintiffs; or

c.  Be deemed, or used, offered or received against the Released Parties, or each or any of them, (i) as an admission or concession with respect to any liability, negligence, fault or wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings.

However, this Final Order and the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement may be used in any proceedings as may be necessary to effectuate the *provisions* thereof.  In addition, any party or any of the Released Parties may file this Final Approval Order and Judgment and/or the Settlement Agreement in any action that may be brought against such Party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

18.  The Court approves the payment of Representative Plaintiff Awards in the following amounts: $20,000 for Cowit; and $10,000 for Littrell and $10,000 for Dickey (Litteral's spouse);

These representatives spent a significant amount of their time on behalf of and for the benefit of the Settlement Class Members:  Littrell spent 105.5 hours, Dickey spent 84.5 hours, and Cowit spent 104.2 hours.  Among other things, (i) Cowit assisted in the initial investigation of the claims, gathered his information for the filing of the Complaint and Littrell and Dickey

10

gathered their information for the filing of the Second Amended Complaint; (ii) each of the Representative Plaintiffs reviewed the numerous documents filed or to be filed in the case; (iii) they spent considerable time answering requests for admission and interrogatories and gathering the documents necessary to answer CMI's request for production; and (iv) each prepared for and attended their deposition by CMI which lasted a day per Representative Plaintiff.  Each of the Representative Plaintiffs regularly met with Class Counsel to be apprised of the status of the Action and spent a significant amount of time regularly consulting with Class Counsel about case strategy and direction.  The Representative Plaintiffs also reviewed the proposed settlement terms, the revisions to the settlement terms, and the final settlement terms and provided significant input regarding the terms of the Settlement Agreement and ultimately endorsed the Settlement Agreement.  Moreover, Cowit's willingness to serve as a representative plaintiff brought the issues raised in this Action to CMI's attention initially, then with Littrell and Dickey's assistance, resulted in the implementation by CMI of a new, more standardized framework on how CMI and its foreclosure counsel will account for, track, monitor, and oversee how Refunded Court Costs are refunded and/or credited to borrowers in Ohio.

The effort, work and time that the Representative Plaintiffs contributed is the basis for the awards, and the awards are tied entirely to their litigation efforts and the benefits to the class generated by their work.  The awards, as sought, and as approved, are not motivated by a desire for potential recovery absent a settlement.  *See* In re Dry Max Pampers, 724 F.3d 713 (6th Cir. 2013).  Instead, the awards in this case are fair, reasonable, and properly based on the benefits to the class members generated by the litigation; and the awards do not give preferential treatment to the Class Representatives, but, rather, represent compensation for their substantial litigation

efforts.  *See* Gascho, et al., v. Global Fitness Holdings, LLC, 2014 WL 1350509 (S.D. Ohio April 4, 2014.

19.     The Court approves an award to Class Counsel in the amount of $1,325,000.00 covering all of Class Counsel's reasonable fees, costs and expenses pursuant to Fed. R. Civ. P. 23(h).

The parties negotiated this agreed award of attorneys' fees only after the substantive terms of the Settlement Agreement had been agreed upon.  The negotiated fees and expenses, as agreed to by CMI, are to be paid separate and apart and do not in any way diminish the Settlement Class recovery.  Class Counsel have, up to August 26, 2015, spent 3,414.90 hours litigating this action since the filing of the initial complaint for a total lodestar of $1,680,584.50.  The Fee Request is *substantially* less than Class Counsel's lodestar and does seek nor receive a multiplier.

Negotiated and agreed-upon attorneys fees as part of a class action settlement are encouraged by the courts.  *See, e.g.,* Bailey v. AK Steel Corp., 2008 U.S. Dist.LEXIS 18838, at *3 (S.D. Ohio Feb. 28, 2008).  Indeed, most courts recognize that fees negotiated and paid separate and apart from the class recovery, as here, are entitled to a "presumption of reasonableness." DeHoyos v. Allstate Corp., 240 F.R.D. 269, 322-23 (W.D. Texas 2007) (collecting cases).  Here, upon close review, the award of attorneys fees and costs is eminently reasonable as it is an award adequate to attract competent counsel but one that does not produce a windfall to the attorneys.  *See* Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 897 (1984)).

20.     The Court has jurisdiction to enter this Final Approval Order and Judgment.  Without in any way affecting the finality of this Final Approval Order and Judgment, this Court

expressly retains exclusive and continuing jurisdiction over the Settlement Class Members, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including, without limitation, for the purpose of:

     a.     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and/or this Final Approval Order and Judgment (including without limitation: whether a Person is a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order and Judgment; and whether any Person is enjoined from pursuing any claims);

     b.     entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment, or to ensure the fair and orderly administration of the Settlement Agreement; and

     c.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties and the Settlement Class Members.

21. Notwithstanding anything to the contrary in this Final Approval Order and Judgment, this Final Order constitutes a dismissal with prejudice of this Action as to Plaintiffs' claims and Settlement Class Members' Settlement Class Relief Claims (other than potential Damage Claims) and a dismissal without prejudice as to Settlement Class Members' Damage

1749.0001.568.3

Claims. This Final Order shall not affect, alter or diminish in any way the ability of Class Members (except Plaintiffs) to bring Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2), or any similar state law rule), against CMI related to the claims asserted in this Action, including allegations related to CMI's policies or practices related to the Refunded Court Costs.

22.     Pursuant to Fed. R. Civ. P 54(b), there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Date:   October 21, 2015                              _s/ Timothy S. Black_
                                                     Timothy S. Black
                                                     United States District Judge

14